UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| NANCY ABBIE TALLENT, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 3:22-cv-186 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| | ) | Magistrate Judge Jill E. McCook |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *Defendant*. | ) | |

**MEMORANDUM OPINION**

Before the Court are Plaintiff Nancy Abbie Tallent's responses (Docs. 35, 37) to the Court's second order to show cause as to why this case should not be dismissed for failure to serve under Federal Rule of Civil Procedure 4(m).

Federal Rule of Civil Procedure 4(m) provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On December 19, 2022, the Court ordered Tallent to show good cause for her failure to serve within the time allotted under Rule 4(m). (Doc. 32.) Specifically, Tallent had not served the United States attorney for the Eastern District of Tennessee, a designated assistant United States attorney or clerical employee, or the civil-process clerk at the United States attorney's office, as required by Federal Rule of Civil Procedure 4(i)(1)(A). Tallent proceeds *in forma pauperis* in this action, so she is entitled to have the United States Marshals Service ("USMS") effectuate service on her behalf. (Doc. 9); 28 U.S.C. § 1915(d). However, "a plaintiff

1

[proceeding *in forma pauperis*] may not remain silent and do nothing to effectuate service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 940 (E.D. Mich. 2004) (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)). Therefore, the Court ordered Tallent to show good cause, attributable to some reason other than her own inaction and dilatoriness, for her failure to serve. (Doc. 32, at 5.)

In her response to the first show-cause order, Tallent failed to show good cause. (*See* Doc. 33.) Therefore, the Court issued a second show-cause order, which explained why Tallent's arguments in response did not constitute good cause for her specific deficiency of failing to serve the United States attorney for the Eastern District of Tennessee, a designated assistant United States attorney or clerical employee, or the civil-process clerk at the United States attorney's office, as required by Federal Rule of Civil Procedure 4(i)(1)(A). (Doc. 34, at 2–3.) Accordingly, the Court once again ordered Tallent to show cause for her failure to serve and provided a new deadline to do so of January 25, 2023. (*Id.* at 3.)

The second show-cause order specifically stated that "[t]he Court cautions Tallent that simply reiterating any of the reasons she offered in the response now before the Court (Doc. 33) will not satisfy the good-cause requirement and will instead result in this action being dismissed for failure to serve without any additional show-cause order." (Doc. 34, at 4.) Nonetheless, in her response[1] to the second-show cause order, Tallent simply reiterated part of her first response

---

[1] Tallent filed two identical responses to the second show-cause order. (Docs. 35, 37.) She filed the first response (Doc. 33) electronically, and, contemporaneously, she electronically filed a notice (Doc. 36) that purports to demonstrate that she does not have the ability to file documents electronically. Apparently proceeding under the assumption that she could not file electronically, despite having successfully filed the response and notice through ECF, she mailed copies of the same documents to the Clerk for filing. (Docs. 37–38.) Because the responses are

2

despite the Court's warning that doing so would result in dismissal. (Doc. 35.) Tallent even explicitly recognized that the second response was a mere reiteration:

> This is simply a duplication of part of the Response filed in Document 33 as the Court overlooked the part which is again included in this, the Second Response To Order To Show Cause This Matter Should Not Be Dismissed.
>
> Plaintiff incorporates all of Document 33 into this response in its entirety as if specifically set out in this document. However, Plaintiff restates the part that Judge R. McConough [sic] did not address in his Order, Document 34.

(*Id.* at 1.) The specific "cause" that Tallent reiterates in the second response is that "service was improper by the USMS, that there are two sets of rules [] which govern filing a Complaint with the Internal Revenue Service (IRS) and that the USMS did not follow Plaintiff's specific instructions which would clarify which set of rules to follow in this matter." (*Id.*)

In fact, the Court did address this reason in its second show-cause order and found that it did not constitute good cause:

> Next, Tallent argues that she has shown cause for her failure to serve the United States because USMS failed to follow her request that it effect service via registered mail with 3 restricted delivery with specific proof of signature, and she disputes the validity of the server's signature on the server's affidavits that have been returned. (Doc. 33, at 1–2.) These reasons are irrelevant to the specific service deficiency identified by the Court in its order to show cause. The USMS served the Attorney General, as well as Thomas Cullinan and William Paul ostensibly for the IRS, even if it did not follow Tallent's specific instructions. (*See* Docs. 26– 28.) But the USMS never served the United States attorney for the Eastern District of Tennessee, a designated assistant United States attorney or clerical employee, or the civil-process clerk at the United States attorney's office for the Eastern District of Tennessee, because Tallent never completed a service packet for any of these entities in the first place. . . . Thus, these reasons do not constitute good cause for Tallent's failure to serve.

(Doc. 34, at 2–3.) Tallent emphasizes in her response to the second show-cause order that "[t]he IRS has their [sic] own set of rules which were not followed by the USMS. Nowhere in the

---

mere duplicates, the Court will treat them as a single response and cite only to the first-filed response.

following IRS rules does it state one must follow the Federal Rules of Civil Procedure for service." (Doc. 35, at 3.) In support of this proposition, Tallent cites Part 34 Chapter 5 Section 2.3 of the IRS's Internal Revenue Manual ("IRM"). (*Id.*) However, the Sixth Circuit has held that "the provisions of the IRS's manual only govern the internal affairs of the Internal Revenue Service. They do not have the force and effect of law. This rule is based on the view that Manual was generally created for the agency's own internal administration, and not for the protection of taxpayers." *United States v. McKee*, 192 F.3d 535, 540 (6th Cir. 1999). Therefore, the IRM contains no special rules that excuse Tallent from effecting service in accordance with Rule 4.

And, even if Tallent's misunderstanding of the nonbinding nature of the IRM could constitute good cause, the IRM section she cites explicitly states: "In the district courts, the taxpayer must deliver a copy of the summons and complaint *to the appropriate U.S. Attorney* and the Attorney General by registered or certified mail. *See* Fed. R. Civ. P. 4." I.R.S. Treas. Dir.: Processing of Refund Suits Prior to Receipt of a Case By Counsel Attorney, IRM 35.5.2.3(1) (Apr. 22, 2021) (emphasis added). Clearly, the IRM informs taxpayers that they are subject to the requirements of Rule 4 and, in particular, that they must effect service on the United States attorney for the district where the action is brought. *Id.*

For these reasons, Tallent has once again failed to show good cause for her failure to serve, and her deadline to do so has now passed. Accordingly, pursuant to Rule 4(m), this action will be **DISMISSED WITHOUT PREJUDICE**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

                                                    /s/ *Travis R. McDonough*
                                                  TRAVIS R. MCDONOUGH
                                                  UNITED STATES DISTRICT JUDGE